UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

TRAVIS BIRD,

    Movant,

v.     Case No. 2:11-cv-00940
      Case No. 2:08-cr-00138

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the movant's Motion to Vacate Sentence (ECF No. 81), filed on November 28, 2011, pursuant to 28 U.S.C. § 2255. The movant contends that he was improperly sentenced as a career offender and that he was denied effective assistance of counsel.

The movant, Travis Bird (hereinafter referred to as "the defendant"), is serving a sentence of 77 months upon his guilty plea to possessing with intent to distribute a quantity of marijuana for remuneration, in violation of 21 U.S.C. §§ 841(a)(1). (Judgment in a Criminal Case, ECF No. 66, at 1.) The sentence is running concurrently with a sentence imposed by the Circuit Court of Kanawha County, West Virginia. *Id.* at 2. The defendant will also serve a four-year term of supervised release. *Id.* at 3. The defendant filed a notice of appeal which was dismissed after counsel was appointed. (ECF Nos. 70-78.) The mandate took effect January 28, 2009. (ECF No. 78.)

The defendant contends that his prior convictions were improperly counted separately, instead of treated as a single conviction, thus causing him to be sentenced as

a career offender. He relies on *Buford v. United States*, 532 U.S. 59 (2001), and other cases. His claim against his attorney is based on his allegation that his lawyer was not aware of the error in determining that the defendant is a career offender.

The defendant's ground for relief lacks merit for two reasons. First, his § 2255 motion is untimely, having been filed more than one year after his conviction became final. Second, the defendant's prior convictions were properly counted under the clear language of the United States Sentencing Guidelines.

Untimely Motion

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

> The one-year period runs from the latest of one of four specified events:
> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2255.

Defendant's conviction became final when he dismissed his appeal and the mandate issued (January 28, 2009). The one year period for filing a § 2255 motion expired on January 28, 2010.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction became final on or about January 28, 2009, when he dismissed his appeal and the mandate issued, and none of the other events specified in section 2255 apply in this case. Therefore, the defendant's time to file his section 2255 motion expired on or about January 28, 2010, and his motion is untimely. The undersigned proposes that the presiding District Judge **FIND** that no exceptional circumstances exist to justify tolling the period of limitation.

Counting Prior Convictions

The defendant does not contest the facts contained in his Presentence Investigation Report ("PSR," ECF Nos. 68 and 81-1 [under seal]); he disputes the method of applying guideline § 4B1.1 to those facts. The defendant contends that his prior convictions for a controlled substance offense and for daytime burglary are "related," because they were charged in the same indictment, and the defendant pled guilty and was sentenced on the same days with respect to each charge. (Motion, ECF No. 81, at 8.) He argues that he should have received the benefit of Application Note 3 to § 4A1.2, which he quotes from the November 1, 2006 Guidelines Manual.

The defendant's argument is based on the wrong edition of the Sentencing Guidelines Manual, and ignores the first sentence of the 2006 Application Note 3 concerning "an intervening arrest." The defendant was sentenced on December 16, 2008; his PSR clearly states that the November 1, 2008 edition of the Guidelines was used. The defendant's quotations concerning "related" cases are taken from the November 1, 2006 edition of the Manual.

The critical facts are the dates of the defendant's conduct and arrests for his two prior convictions. He was arrested on January 22, 2006 for possession with intent to

3

deliver a controlled substance, after a traffic stop on that day. (PSR ¶ 35, at 8.) He was arrested on July 22, 2006 for daytime burglary, an incident that occurred on that day. *Id.* ¶ 36, at 8-9. The 2008 Manual states that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." USSG § 4A1.2(a)(2). The defendant was arrested for his controlled substance offense six months before he committed and was arrested for daytime burglary; accordingly, the two offenses are counted separately. The 2006 Manual states that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). In other words, the result is the same.

The undersigned proposes that the presiding District Judge **FIND** that the defendant's prior convictions were properly counted separately and that he was correctly determined to be a career offender. It is not necessary to address the ineffective assistance of counsel claim because it is based on the defendant's erroneous argument.

It is respectfully **RECOMMENDED** that the defendant's § 2255 motion (# 81) be dismissed with prejudice as untimely.

The movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the

4

Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the movant, and to transmit it to counsel of record.

<u>November 30, 2011</u>

Mary E. Stanley
United States Magistrate Judge