IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TRAVIS BIRD,

        Movant,

v.                                                                                     CIVIL ACTION NO. 2:11-cv-00940
                                                                                    (Criminal No. 2:08-cr-00138)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Movant Travis Bird, acting *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF 81] and an application to proceed in forma pauperis [ECF 84]. By Standing Order entered September 2, 2010, and filed in this case on November 28, 2011, this case was referred to former United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R"). November 30, 2011, Magistrate Judge Stanley issued a PF&R recommending that the Court deny Movant's Section 2255 motion (ECF 85).

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Movant's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge

Stanley's PF&R were due on December 19, 2011. Movant filed objections to the PF&R on December 12, 2011.

Movant's first specific objection is to the magistrate judge's finding and recommendation that because his Section 2255 motion was not timely-filed, this case must be dismissed. (ECF 87 at 1–8.) Movant concedes that his Section 2255 motion was filed outside the one-year filing limitation imposed under 28 U.S.C. § 2255(f); however, he argues that the untimeliness of his motion may be excused under two different theories. First, Movant reasons that his motion should be deemed timely filed under the "actual innocence standard" because he can demonstrate that but for the allegedly erroneous application of the career offender guideline, he would have been sentenced to a significantly shorter sentence (*Id.* at 2–3). Second, he maintains that because his Section 2255 motion alleges the deprivation of his constitutional right to effective assistance of counsel, he must be afforded a hearing "in which it is established that he 'deliberately bypassed' or 'understandingly and knowingly' waived his claim of unconstitutional ineffective assistance of counsel and the misapplication of the United States Sentencing Guidelines." (*Id.* at 2.) For this second proposition he cites *Davis v. United States*, 411 U.S. 233, 236 (1973). Subsumed within this second theory is Movant's claim that his attorney rendered ineffective assistance of counsel by failing to recognize the alleged sentencing guidelines error and failing to file an appeal on that issue. (*Id.* at 3.)

Movant's contentions have no basis in fact or law. To begin, the PF&R correctly articulated the legal standards governing the one-year time limitation on filing motions under 28 U.S.C. § 2255(f). The PF&R also correctly determined that the Movant's one-year deadline for filing a Section 2255 motion was January 28, 2010—one year from the date of the Court of Appeals for the Fourth Circuit's order dismissing the appeal—an order entered on Movant's own

motion seeking dismissal of the appeal—and the Fourth Circuit's corresponding mandate. The PF&R further correctly determined that the only date that was pertinent to the determination of when the one-year limitation began to run was the date when Movant's conviction became final, as provided in sub-section 2255(f)(1).

The Court rejects Movant's contention that his attorney rendered constitutionally ineffective assistance of counsel by failing to pursue an appeal of the application of the career offender guideline under U.S.S.G. § 4B1.1. First, as discussed below, his attorney *did* file a timely notice of appeal, but Movant personally consented in writing to the dismissal of that appeal. As such, Movant has arguably not just forfeited the appeal, but has waived the issue entirely.

In any event, the Court finds no merit in Movant's argument that his attorney's failure to pursue the appeal should be excused under the actual innocence exception to procedural default. It is well-settled that a Section 2255 motion is not an alternative to filing a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). "Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477, n.10 (1976). Constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a Section 2255 motion, unless the movant can show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error; or (2) that a miscarriage of justice would occur if the court refuses to entertain the collateral attack. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). The existence of "cause" for a procedural default "must turn on something external to the defense,

such as the novelty of the claim or the denial of the effective assistance of counsel." *Mikalajunas*, 186 F.3d at 493. To establish cause for a default based upon ineffective assistance of counsel, a movant must show that his attorneys' performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Id.* To establish "actual prejudice," the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S.478, 494 (1986)). To demonstrate a miscarriage of justice, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

Movant concedes that he has procedurally defaulted his constitutional claim that his counsel provided ineffective assistance of counsel in failing to object at the sentencing hearing to the application of the career offender sentencing guideline. For the reasons well-articulated by the magistrate judge, there is simply no merit to his argument that his prior drug and burglary convictions were "related" and, thus, according to Movant, should not have been counted separately under the career offender guideline, U.S.S.G. § 4B1.1. Because his argument is meritless, Movant *a fortiori* cannot show he sustained any actual and substantial disadvantage or that he is actually innocent in the sense that the career offender guideline did not apply to him. Consequently, the Court **OVERRULES** this objection.

The Court further notes that in his objection, Movant also claims that the one-year filing limitation should be governed under sub-section 2255(f)(4). That provision permits the limitation period to begin to run on "the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Movant's entire argument rests, however, on his erroneous belief that his counsel never filed an appeal of his sentence. That is, he claims that the circumstances of his incarceration reasonably prevented him from learning that his counsel had not filed an appeal of his sentence. (*Id.* at 5, 7.) He claims that after he was sentenced, he was never afforded an opportunity to speak with his lawyer "other than a correspondence from him, dated December 18, 2008, discussing the plan of appeal", which apparently encompassed Movant's desire to appeal not only the application of the career offender guideline, but also imposition of a firearm enhancement. (*Id.* at 7.)

The Court rejects Movant's contention that Section 2255(f)(4) renders his Section 2255 motion timely-filed. First, the argument is based on a flawed factual predicate. Movant's attorney filed a timely notice of appeal of Movant's sentence on December 23, 2008—within a week of his sentencing hearing and entry of the judgment order. (ECF 65, 66, 70.) Thus, Movant's theory that his counsel was constitutionally ineffective because he failed to file an appeal of Movant's sentence is meritless. Second, as noted above, on January 28, 2009, Movant's court-appointed appellate counsel filed a motion to dismiss the appeal. *United States v. Bird*, Appellant's Mot. Dismiss Appeal, No. 09–4002, (Doc. 10) (4th Cir. Jan. 28, 2009). Attached to that motion is a document titled "Consent to Voluntary Dismissal of Appeal." (*Id.* at 2.) This document reads:

> I, Travis Bird, after consultation with my counsel, do hereby consent to the voluntary dismissal of my appeal from the final judgment order sentencing me to a term of 77 months imprisonment upon my conviction by a plea of guilty to an offense of 21 U.S.C. § 841(a)(1), said Order entered in Case No. 2:08-cr-00138 (United States District Court for the Southern District of West Virginia, Charleston, West Virginia) on December 16, 2008.

5

(*Id.*)  This document is dated January 22, 2009, has a signature line that states "Travis Bird," and bears the signature "Travis Bird."  Movant's signature was witnessed by someone named "Gary Smith."  (*Id.*)

This filing demonstrates that Movant, contrary to his assertions in his Section 2255 motion, not only knew that his counsel had in fact filed an appeal of Movant's sentence, but also that Movant personally approved the dismissal of the appeal.  These matters are fatal to both his assertion that his Section 2255 was timely filed and his assertion that his counsel rendered constitutionally ineffective assistance of counsel.  Because Movant failed to file his Section 2255 motion within the one-year deadline under Section 2255(f)(1), the magistrate judge correctly concluded that this case must be dismissed as untimely filed.

For the foregoing reasons, the Court **OVERRULES** Movant's objections, **ADOPTS** the PF&R (ECF 85), **DENIES** Movant's § 2255 motion [ECF 81], **DISMISSES** this case, and **DIRECTS** the Clerk to remove this action from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001).  The Court concludes that the governing standard is not satisfied in this instance.  Pursuant to Rule 11(a), Movant may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the

court of appeals under Federal Rule of Appellate Procedure 22. Accordingly, the Court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    August 26, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE